# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| KENNETH GLENN, *Plaintiff*, v. Sgt. ARGENO WILLIAMS *et al.*, *Defendants.* | CIVIL ACTION NO. 5:17-cv-00401-TES-TQL |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the United States Magistrate Judge's Report and Recommendation [Doc. 57] on Plaintiff Kenneth Glenn's Motions to Appoint Counsel [Doc. 48, 50 & 54], Motion to be Transferred to Augusta Medical Prison [Doc. 48], Motion for Permanent Injunction [Doc. 49], and Motion to Amend Complaint [Doc. 51]. The Magistrate Judge recommended that the Court deny each of these motions. *See generally* [Doc. 57]. Plaintiff filed objections to each of the Magistrate Judge's recommendations.[1] *See generally* [Doc. 61]. After considering Plaintiff's objections, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation [Doc. 57]. Accordingly, the Court **DENIES** Plaintiff's Motion to

---

[1] Plaintiff filed a separate objection to the Magistrate Judge's recommendation that this Court deny Plaintiff's motion to amend. *See* [Doc. 62]. However, Plaintiff expressly stated that he was objecting to preserve the issue for appeal and offered no reasons as to why the Court should reject the Magistrate Judge's recommendation.

be Transferred to Augusta Medical Prison [Doc. 48] and Motion for Permanent Injunction [Doc. 49].

## STANDARD OF REVIEW

When a party objects to a Magistrate Judge's recommendation, the Court conducts "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party's objections are "[f]rivolous, conclusive, or general," the district court need not consider them. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (per curiam) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

## DISCUSSION

**I. Motions to Appoint Counsel [Docs. 48, 50 & 54]**

Plaintiff first argues that the Magistrate Judge erred when he concluded that Plaintiff's case does not present "exceptional circumstances" that justify the appointment of counsel. *See Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 2012). Plaintiff argues that his inability to access legal materials necessary to litigate his § 1983 claim and to conduct discovery constitute exceptional circumstances that require the appointment of counsel. The Court disagrees. As a general rule, "[a] plaintiff in a civil case has no constitutional right to counsel." *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). However, the Court may, in its discretion, appoint counsel in "exceptional circumstances." *Id.* "Such exceptional circumstances exist 'where the facts and legal issues are so novel or complex

as to require the assistance of a trained practitioner.'" *Redmon v. Lake Cty. Sheriff's Office*, 414 F. App'x 221, 227 (11th Cir. 2011) (quoting *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990)). In determining whether a case presents extraordinary circumstances, the Court considers

> (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination.

*Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).[2]

Applying these factors to Plaintiff's case, the Court sees no basis for appointing counsel. Plaintiff asserts basic § 1983 claims for excessive force, denial of medical care and retaliation that are neither novel nor complex and he has shown himself to be a reasonably sophisticated litigant capable of filing cogent motions. Although Plaintiff is incarcerated, he alleges that he has witness statements from inmates who saw the events giving rise to his claims and does not indicate that he needs to investigate his claims further. *See* [Doc. 5, at 5]. Finally, if it is true that the alleged assault was witnessed by 100 inmates as Plaintiff alleges, the evidence in this case will likely be straightforward and able to speak for itself. *See* [Doc. 5, at 5]. Accordingly, this case does not involve exceptional circumstances that justify the appointment of counsel.

---

[2] The Eleventh Circuit endorsed the use of these five factors in *Lane v. Philbin*, 835 F.3d 1302, 1310 (11th Cir. 2016).

**II. Motion to be Transferred to Augusta Medical Prison and Motion for Permanent Injunction [Docs. 48 & 49]**

The Court now turns to Plaintiff's argument that the Magistrate Judge erred when he denied Plaintiff's Motion to be Transferred to Augusta Medical Prison [Doc. 48] and Motion for Permanent Injunction [Doc. 49]. In both motions Plaintiff asks the Court to transfer him from Autry State Prison to Augusta Medical Prison so that he can be housed in a Prison Rape Elimination Act ("PREA") Safe Dorm. *See generally* [Docs. 48 & 49]. The Court agrees with the Magistrate Judge that Plaintiff has not satisfied the basic requirements for a permanent injunction. Specifically, Plaintiff has not yet prevailed in establishing the alleged violation of his rights. *See* [Doc. 57, 5]. The Court notes also that Plaintiff has provided no authority for the proposition that he has a right as a gay inmate that has been assaulted to be moved to a particular dorm. Nothing in the PREA or its associated regulations creates such a right. Thus, the Court agrees with the Magistrate Judge's recommendation that Plaintiff's motions requesting a transfer to Augusta Medical Prison should be denied.

## **CONCLUSION**

For the reasons stated above, the Court ADOPTS the Magistrate Judge's Report and Recommendation [Doc. 57]. Accordingly, the Court **DENIES** Plaintiff's Motion to be

Transferred to Augusta Medical Prison [Doc. 48] and Motion for Permanent Injunction [Doc. 49].

**IT IS SO ORDERED** this 19th day of November, 2018.

S/ Tilman E. Self, III  
**TILMAN E. SELF, III, JUDGE**  
**UNITED STATES DISTRICT COURT**